JOHN T. WOODFORD *v.* GEORGE YOUNG.

[Abstract Kentucky Law Reporter, Vol. 4—981.]

**Proof of Adverse Possession.**

> To constitute adverse possession within the meaning of the laws
> of champerty it is not necessary to reside on the land. It is suffi-
> cient if the land is controlled or occupied and acts of possession
> done upon or in connection with it under a valid claim based upon
> a deed made in pursuance of a purchase from one who has actual
> possession.

**Conveyance to Third Party Not Binding on Claimant in Possession.**

> Where one claiming ownership of real estate sells and conveys
> the same, and the evidence establishes the fact that one other than
> the grantee is actually in adverse possession at the time of the sale
> and conveyance, the sale is void as against the one holding such
> possession.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

May 1, 1883.

OPINION BY JUDGE HARGIS:

At the time of the sale and conveyance by Wilson to Woodford
of the land alleged to embrace the lot in dispute, the appellee, Young,
was in the actual adverse possession of it claiming under deed from
Turley and wife. To constitute actual adverse possession within the
meaning of the laws of champerty it is not necessary to reside on the
land. It is sufficient if the land is controlled or occupied and acts of
possession done upon or in connection with it, under a valid claim
based upon a deed made in pursuance of a purchase from one who
has actual possession. Gen. Stat. 1881, ch. 24, § 3, *Lillard v. Mc-
Gee,* 3 J. J. Marsh. (Ky.) 549.

According to Gen. Stat. 1881, ch. 11, § 2, the sale or conveyance
by Wilson to appellant was null and void, and it was not necessary
to rely in the pleadings upon the facts constituting the sale or con-
veyance of the lot champertous; such facts could be proved by the
evidence given under the general issue. Gen. Stat. 1881, ch. 11, § 4.
The issue formed by the pleadings was substantially the same as
the general issue at common law, and the evidence established the
actual adverse possession of the lot to be in appellee at the time of

the sale by Wilson to appellant, and whether covered by the deed or bond is immaterial, for in either case the sale was void as against the appellee.

As this view of the case settles it in favor of appellee, whatever may be the position of the lots with reference to the various interests sold and conveyed by the different vendors and vendees from Mrs. Laughlin down, it is not necessary to enter the discussion as to what deed or bond really embraces it.

The judgment is therefore *affirmed*.

*Reid & Stone, for appellant.*

*B. J. Peters, for appellee.*